PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ZACHARY BARFIELD, | ) |
| Plaintiff, | ) CASE NO. 4:19CV2306 |
| | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| WARDEN FENDER, *et al.*, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** [Resolving ECF No. 1] |
| Defendants. | ) |
| | ) |

Plaintiff Zachary Barfield is a state prisoner incarcerated at the Northeast Ohio Correctional Center. ECF No. 1. He brings this action pursuant to 42 U.S.C. § 1983 against defendants Warden Fender, Matt Gillum, and Annette Chambers-Smith (collectively, "Defendants"). For the reasons that follow, this case is dismissed.

## I. Background

In his brief complaint, Plaintiff alleges that he is a Christian Separatist and requests that the ODRC[1] approve the Christian Separatist Church as an approved religion able to congregate for worship services. ECF No. 1 at PageID #: 3. Plaintiff insists that ORDC denies his faith on the grounds that it is racist and violent and discriminates against him by labeling him a "STG group." *Id.* at PageID #: 4. He further claims that he is not a gang member and that Christian Separatists are non-violent and only promote spiritual supremacy. *Id.* at PageID #: 3-4. Based upon these facts, Plaintiff alleges that Defendants are violating his religious rights under the Fourteenth Amendment to the Constitution. *See* ECF No. 1-4 at PageID #: 1. For relief, he

---

[1] Because Plaintiff is a state prisoner, ODRC apparently refers to the Ohio Department of Rehabilitation and Corrections.

(4:19CV2306)

seeks compensatory and punitive damages and asks this Court to require the ODRC to approve the Christian Separatist faith. ECF No. 1 at PageID #: 5.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A). A complaint fails to state a claim on

(4:19CV2306)

which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

### III. Discussion

In order to state a plausible claim for relief under § 1983, the complaint must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter*, 532 F.3d at 575 (personal involvement is required in order to incur liability under § 1983). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se* complaints, the complaint against that defendant is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff alleged only that the defendant violated his constitutional rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id*. (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

Here, there is not a single allegation in the Complaint concerning any alleged unconstitutional conduct on the part of Defendants. *See* ECF No. 1. Indeed, Plaintiff does not

3

(4:19CV2306)

even mention Defendants in his statement of claim. *Id*. When, as here, individuals are merely named as defendants in a § 1983 action without any supporting factual allegations of specific unconstitutional conduct in the body of the Complaint, the Complaint must be dismissed. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Accordingly, Plaintiff fails to state a plausible § 1983 claim against Defendants upon which relief may be granted, and this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IV. Conclusion**

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 February 12, 2020        /s/ Benita Y. Pearson
Date                      Benita Y. Pearson
                          United States District Judge